UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|    CALVIN F. SEVILLE | ) | Case No. 01-11214-SSM |
|    LINDA N. SEVILLE | ) | Chapter 7 |
| | ) | |
|            Debtors | ) | |
| | ) | |
| GORDON P. PEYTON | ) | |
| | ) | |
|            Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 05-1532 |
| | ) | |
| MARGE BODDEN, *et al.* | ) | |
| | ) | |
|            Defendants | ) | |

**MEMORANDUM OPINION AND ORDER**

A hearing was held on November 7, 2006, on the motion of Marge Bodden, one of the defendants, to set aside the default judgment that was entered against her in this adversary proceeding. For the reasons stated, the motion will be granted, and this action will be reinstated on the trial docket as to Ms. Bodden.

<u>Background</u>

This is an action to determine the extent and validity of two claimed liens against $25,500 of insurance proceeds that were paid to the trustee. The debtors, Calvin F. and Linda N. Seville, filed a joint voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 20, 2001. The case was eventually converted to chapter 7 on December 24, 2003, and Gordon P. Peyton was appointed as trustee. Ms. Bodden filed a timely proof of claim in

the amount of $76,080.91 as an unsecured creditor. The trustee filed a report of no distribution on January 23, 2004, and the case was closed on July 2, 2004. On July 11, 2005—slightly more than a year later—the trustee filed a motion to reopen the case in order to administer $25,500 of insurance proceeds that had been paid over to him, and an order reopening the case was entered on September 12, 2005. The insurance proceeds were paid as a result of the destruction of a bus that had been owned by a company known as Executive Mobile, Inc., the stock of which was owned entirely by the Sevilles.

The trustee then commenced the present adversary proceeding to avoid the claimed liens of Marge Bodden and Zukowski Fleet Service, Inc., against the insurance proceeds. The specific allegation made with respect to Ms. Bodden's lien is that "on information and belief" it had not been properly perfected. Service of the summons and complaint was made on both defendants by first-class mail in accordance with Rule 7004, Federal Rules of Bankruptcy Procedure. No answer was filed by either defendant. The trustee then filed a motion for default judgment and served copies of the motion and notice of hearing on the defendants. A hearing on the default judgment motion was held on February 7, 2006. No appearance was made by either defendant, and default judgment was entered that same date declaring the claimed security interest of Ms. Bodden and the claimed storage lien of Zukowski Fleet Service, Inc., to be null and void, and further declaring the $25,500 insurance settlement to be free of any liens of either defendant. After resolving some unrelated claims objections, the trustee submitted a report and final account before distribution to the United States Trustee for review. The report has not yet been filed with, or approved by, the court.

On October 2, 2006—eight months after entry of the default judgment—Ms. Bodden filed a "Motion to Reopen" the adversary proceeding. The motion asserts that Ms. Bodden, who is approximately 81 years old, suffers from various medical conditions that resulted in her being hospitalized three time during the period from December 2005 through January 2006. The motion further alleges that around February 24, 2006—approximately two and a half weeks after entry of the default judgment—she retained an attorney to represent her interest in the adversary proceeding, and that the attorney filed an answer to the complaint on that date. As noted, no such answer is reflected on the docket of either the adversary proceeding or the bankruptcy case, but trustee's counsel acknowledges that he received a copy. A copy is attached as an exhibit to the motion to reopen. The answer in turn includes (as an exhibit) a copy of the Virginia certificate of title for the vehicle showing Executive Mobile Services, Inc. as owner and Ms. Bodden as lien holder. Immediately after receiving a copy of the answer, trustee's counsel telephoned Ms. Bodden's attorney and advised him that default judgment had already been entered. Trustee's counsel heard nothing further until the present motion was filed.

Discussion

I.

Although styled a "motion to reopen," the substantive relief sought by the motion falls under Rule 9024, Federal Rules of Bankruptcy Procedure, which incorporates, with certain exceptions not relevant here, Rule 60, Federal Rules of Civil Procedure. Rule 60 allows a court, on motion, "and upon such terms as are just," to relieve a party from a final judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect."

Rule 60(b)(1), Fed. R. Civ. P.  The motion must be made "within a reasonable time" and in any event within one year of the entry of the judgment.  Rule 60(b), Fed. R. Civ. P.   In this circuit, a party seeking relief from a default judgment under Rule 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."  *Dowell v. State Farm & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).  The Supreme Court has explained that the determination of whether neglect is "excusable" is an equitable one, taking into account all relevant circumstances.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993).  In the context of a bankruptcy proceeding, these include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good  faith." *Id.*, 113 S.Ct. at 1498.

II.

The court has little difficulty in finding that the failure to file a timely answer resulted from excusable neglect. The defendant is elderly; was in and out of the hospital at the time she was served with the complaint and was also, according to her affidavit, living with her daughter for a portion of the time.  At least as of the time she retained an attorney to represent her, the delay was relatively slight, and there is no suggestion that her failure to file a timely answer was the result of bad faith or culpable indifference.  At that point, any prejudice to the estate would have been negligible, as the trustee had taken no actions (other

than having to prepare and file a motion for default judgment) in reliance on the failure to answer.

The more troubling issue is whether the motion for relief from the default judgment was made within "a reasonable period of time." As noted, Ms. Bodden's attorney was aware, shortly after February 24, 2006, that a default judgment had been entered. Yet, it was not until more than seven months later that a motion was filed to vacate the default judgment. In the interim, the trustee, in reliance on the default, had reviewed the claims, objected to two of them, and had prepared and submitted a report and proposed distribution. Ms. Bodden's attorney explained that the delay resulted from the fact that Ms. Bodden's physical condition prevented her from traveling to his office, and that obtaining an affidavit from her in support of the motion for Rule 60 relief had to be done by mail. While that would reasonably explain some portion of the delay, seven months nevertheless seems to be an excessive period even for an attorney dealing with an elderly and infirm client.

Frankly, were it not that the debtor has made a strong showing of a meritorious defense, the court would be hard pressed to find that the motion for relief from the default judgment had been filed within a reasonable period of time. One of the functions of Rule 60 relief, however, is to prevent miscarriages of justice. The complaint in this case alleged that Ms. Bodden's security interest in the vehicle had not been perfected. As it turns out, that is simply not the case, as her lien was recorded on the face of the title. It is true, as the court noted at oral argument on the motion, that having a security interest in the vehicle would not necessarily give Ms. Bodden a lien against the insurance proceeds, since in Virginia the payout on a policy of casualty insurance is treated as proceeds of the policy, not proceeds of

the insured collateral. *In re West*, 343 B.R. 541 (Bankr. E.D. Va. 2006) (Adams, J.). Thus, unless Ms. Bodden were named as a loss payee in the policy, her lien against the vehicle would not attach to the insurance proceeds. But even if Ms. Bodden were not named as a loss payee, her claim to the insurance proceeds might still be superior to the trustee's under the circumstances of this case. This is because the vehicle itself (and, presumably, the policy of insurance) were not property of the estate but rather property of a corporation owned by the debtors. While the trustee succeeded to the debtors' interest as shareholders of the corporation, it is fundamental that shareholders are only entitled to whatever surplus remains *after the debts of the corporation have been paid*. Thus, the trustee's right to the assets of the corporation, including the proceeds of any insurance policy owned by the corporation, is subordinate to the rights of the corporation's creditors. It is not entirely clear on the present record whether Ms. Bodden made her loan to the debtors or to the corporation or both. But to the extent she is a creditor of the corporation, her claim would have to be paid before the trustee could administer the surplus on behalf of the debtors' bankruptcy estate.

Although Ms. Bodden has shown a strong likelihood of success on the merits, there is no question that the trustee has expended effort and incurred expenses in reliance on the default judgment. Rule 60(b) allows the court to condition relief "on such terms as are just." Under the circumstances, it seems only fair to condition relief from the default judgment on payment, from the insurance proceeds, of reasonable compensation to the trustee and his professionals and reimbursement of expenses incurred in reliance on the default judgment.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion to reopen, which the court treats as a motion under Rule 9024, is granted, and the default judgment entered in this action on February 7, 2006, is vacated as to defendant Marge Bodden, but remains undisturbed as to defendant Zukowski Fleet Service, Inc.

2. Relief from the judgment is conditioned on the payment to the trustee, if defendant Marge Bodden should ultimately prevail on the merits, of reasonable compensation and reimbursement of expenses to the trustee and his professionals incurred in reliance on the default judgment, with the amount of such compensation and reimbursement to be hereafter determined.

3. A pretrial conference shall be held on **December 4, 2006, at 9:30 a.m.** to set a discovery schedule and trial date.

4. The clerk will mail a copy of this memorandum opinion and order, or give electronic notice of its entry, to the parties listed below.

Date: _____    _____
Alexandria, Virginia                         Stephen S. Mitchell
                                             U.S. Bankruptcy Judge

Copies to:

Robert M. Gants, Esquire
Redmon, Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA  22314
Counsel for the plaintiff

Joseph A. Cerroni, Jr., Esquire
5033 B Backlick Road
Annandale, VA 22003
Counsel for defendant Marge Bodden